# EXHIBIT A



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

### AMENDED COMPLAINT $75
### February 26, 2021 15:29

By: RONALD I. FREDERICK 0063609

Confirmation Nbr. 2191332

YVETTE R. EWUSIE

CV 20 937353

vs.

**Judge:** MICHAEL J. RUSSO

PRESTIGE FINANCIAL SERVICES

**Pages Filed:** 22

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| YVETTE R. EWUSIE | ) | CASE NO.: CV 20-937353 |
| | ) | |
| Plaintiff | ) | JUDGE: MICHAEL J. RUSSO |
| | ) | |
| v. | ) | |
| | ) | FIRST AMENDED CLASS ACTION |
| PRESTIGE FINANCIAL SERVICES, INC. | ) | COMPLAINT |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

NOW COMES Plaintiff Yvette R. Ewusie, by and through counsel, and with leave of Court, files her First Amended Class Action Complaint.

## COUNTERCLAIM

## PARTIES

1. Plaintiff Yvette Ewusie ("Ms. Ewusie or Plaintiff") is an individual residing at 1640 Beverly Hills Drive, Euclid, OH 44117.

2. Ms. Ewusie is a "Buyer" and "Retail Buyer" " as defined by § 1317.01(F) and (G) respectively,

3. Ms. Ewusie entered into a "Retail Installment Contract" ("RISC") as defined by § 1317.01(L) with Foster Chev-Cadi ("Foster").

4. Ms. Ewusie is also a "consumer obligor" and a "debtor" as defined by the O.U.C.C., R.C. § 1309.102(25) & (28).

5. Defendant Prestige Financial Services, Inc. ("Prestige") is a Utah corporation, registered to do business in Ohio.

6.     Prestige is in the business of accepting assignments of retail installment sales agreements from sellers of motor vehicles, and Prestige took assignment of Ms. Ewusie's RISC.

7.     Prestige is a "secured party" as defined by the O.U.C.C., R.C. §1309.102(73).

## INTRODUCTION

8.     This class action, brought by Plaintiff on behalf of herself and all others similarly situated, seeks to recover actual damages, statutory damages, reasonable attorney's fees and costs, injunctive relief, and declaratory relief, to redress a deceptive pattern and practice of wrongdoing perpetrated by Prestige in conjunction with their repossession and disposition of consumers' automobiles.

9.     Prestige routinely finances high-rate auto loans for Ohio consumers by taking assignment of RISC's from Ohio car dealers.

10.     Upon repossession, Prestige sends its borrowers form notices which expressly misstate and violate their statutory rights.

11.     This class action seeks equitable and monetary relief to remedy Prestige's violations of the Retail Installment Sales Act ("RISA") and the Ohio Uniform Commercial Code ("O.U.C.C.") in abrogating consumers' statutory rights in the repossession and disposition of their vehicles. RISA and the O.U.C.C. form a complementary statutory scheme which mandates certain disclosures of consumer rights and requires creditors to follow specified procedures when repossessing and disposing of consumers' vehicles.

12.     Plaintiff seeks injunctive and other equitable relief, including an order directing Prestige to repurchase the claimed deficiency debts of class members and to indemnify class members, repair of the credit of all class members, as well as an award of appropriate damages including return of all improperly collected deficiencies pursuant to R.C. §§1317.12/16, and

compensatory and statutory damages, as provided by §§1309.611/614/616 and R.C. § 1309.625(C)(2)/E(5).

## FACTS

13. On or around October 3, 2015, Ms. Ewusie purchased a vehicle from Foster and signed a RISC, which was subsequently assigned to Prestige. *See* Ex. 1, RISC.

14. As set forth in the RISC, the sales price of the vehicle was $15,461.72 (including sales tax). *Id.*

15. In addition, Ms. Ewusie purchased a GAP Policy for $334.00 and a Service Contract for $2,000.00, as well as paying a documentary fee of $250.00. *Id.*

16. As stated in the Truth In Lending Act ("TILA") disclosures of the RISC, the APR for the loan was 22.99%, the "Finance Charge" was $15,429.58, the "Amount Financed" was $18,079.22, and the "Total Sales Price" was $33,508.80. *Id.*

17. Subsequently, Foster assigned its interest in the RISC to Prestige.

18. On or around May 14, 2017 Prestige repossessed Ms. Ewusie's vehicle.

19. Subsequent to the repossession, Prestige sent the Ms. Ewusie a "Notice of Reinstatement." *See* Ex. 2, Notice of Reinstatement.

20. The Reinstatement Notice improperly included $180 as "Other (specify)" charges. *Id.*

21. This is in violation of R.C. § 1317.12(C) which **clearly delineates** what categories of expenses may be included in the amount demanded to reinstate.

22. Then on June 6, 2018, Prestige sent Ms. Ewusie a "Notice of Sale" that failed to state the day of the week on which the sale was to occur, as required by R.C. 1309.614.

23.     The "Notice of Sale" also stated that at auction the "Minimum bid price will be $2,000*Minimum Bid **is an estimate** based of Manheim values; this amount is **subject to change** depending upon the actual condition of the vehicle at the time of sale." *See* Ex. 3, 1st Notice of Sale. [Emphasis Added]

24.     R.C. 1317.16(B) states that a Notice of Sale should contain "the minimum price for which such collateral will be sold," and makes no mention of **"estimates" or being "subject to change."**

25.     Subsequently, on August 3, 2018, Ms. Ewusie was sent another "Notice of Sale" which stated the auction of her vehicle would now occur on August 24, 2018 and that the "minimum bid price will be $2,500*. . .," and contained the same defect regarding the minimum bid being an "estimate" and being "subject to change." *See* Ex. 4, 2nd Notice of Sale.

26.     The auction of the vehicle actually occurred on August 24, 2018.

27.     Subsequent to the sale of the vehicle, Prestige sent Ms. Ewusie a Notice of Deficiency which failed to properly itemize the components in the calculation of Deficiency or Surplus as mandated by R.C. 1309.616.

28.     In specific, Prestige stated the "Gross Proceeds" of the Sale (in item #4) were $2,082.00; this figure was, in fact, the "Net Proceeds." *See* Ex. 5, Notice of Deficiency.

29.     The actual "Gross Proceeds" of the sale were $2,500.00 according the check and stub sent to Prestige by America's Auto Auction Toledo. *See* Ex. 6, Check and Stub.

30.     In addition to putting the "Net Proceeds" of the sale on the Notice of Deficiency rather than the "Gross Proceeds," Prestige also failed to disclose the cost of disposing of the vehicle via auction, which should have been included in item #6 on the Notice of Deficiency, "Costs of retaking, preparing, and selling the Vehicle." *See* Ex. 5, Notice of Deficiency.

31.     According to America's Auto Auction Toledo, these costs of disposition deducted

from the "Gross Proceeds" of $2,500.00 were: $5.00 for Repo Ad, $75.00 for Full Detail, $40 for

Repo Title; $100.00 for Sale Fee; 5.00 for Repo Ad (ostensibly for advertising the vehicle for the

second time); $60.00 for keys, and $133.00 for transportation to the auction. *See* Ex. 6, Check and

Stub.

## APPLICABLE LAW

### The Retail Installment Sales Act ("RISA") - Notices

32.     R.C. § 1317.12 requires a secured party to send a "Notice of Reinstatement" to

debtors subsequent to repossession, and it states in pertinent part:

> . . . the secured party shall. . . send to the debtor a notice setting forth
> specifically the circumstances constituting the default and the amount by
> itemization that the debtor is required to pay to cure the default . . . by
> delivering to the secured party the following:
>
> (A) All installments due or past due at the time of such delivery;
>
> (B) Any unpaid delinquency or deferred charges;
>
> (C) The actual and reasonable expenses incurred by the secured party in
> retaking possession of the collateral provided . . .
>
> (D) A deposit by cash or bond in the amount of two installments. . .

33.     The statute clearly delineates what categories of charges may be demanded in the

amount required for reinstatement of the debtor's loan.

34.     The Reinstatement Notice improperly included $180 as "Other(specify)" charges

in violation of R.C. 1317.12. *Id.*

35.     In addition, R.C. 1317.16(B) states that a Notice of Sale should contain "the

minimum price for which such collateral will be sold," and makes no mention of **"estimates" or**

**being "subject to change."**

36. However, the two Notices of Sale sent to Ms. Ewusie contain prices with the

following note/disclaimer: "Minimum Bid **is an estimate** based on Manheim values; this amount

is **subject to change** depending upon the actual condition of the vehicle at the time of sale." *See*

Ex. 3, 1st Notice of Sale. *See* Ex. 4, 2nd Notice of Sale. [Emphasis Added]

## Ohio Uniform Commercial Code (O.U.C.C.)

37. R.C. § 1309.614(B) states that:

> The following form of notification of disposition, when completed, provides
> sufficient information:
>
> * * *
>
> **(For a public disposition)**
> We will sell (describe collateral) at public sale. A sale could include a lease or
> license. The sale will be held as follows:
>
> **Day** and date: ......................................................................
>
> Time: ..................................................................................
>
> Place: ..................................................................................
>
> You may attend the sale and bring bidders if you want.
>
> [Emphasis Added]

38. The Notice of Sale that Prestige sent to Defendants **failed to state the day of the**

**week** on which the "public sale" would occur.

39. Further, pursuant to R.C. § 1309.616(C), for an "Explanation of Calculation of

Deficiency" to comply with the statute the "writing must provide all of the following information

in the following order:

(1) The aggregate amount of obligations secured by the security interest under
which the disposition was made, and, if the amount reflects a rebate of unearned
interest or credit service charge: . . .

(2) **The amount of proceeds of the disposition;**

(3) The aggregate amount of the obligations after deducting the amount of proceeds;

(4) The amount, in the aggregate or by type, and types of expenses including expenses of retaking, holding, **preparing for disposition, processing, and disposing of the collateral**. . .

(5) The amount, in the aggregate or by type, and types of credits . . .

(6) The amount of the surplus or deficiency."
[Emphasis Added]

40.     However, Prestige violated R.C. 1309.616 by stating the "Net Proceeds" of the sale

while labeling that amount the "Gross Proceeds" and failing to include the costs of the auction in

the line item for "**preparing for disposition, processing, and disposing of the collateral**. . .,"

thus violating R.C. 1309.616.

## CLASS ALLEGATIONS

41.     Pursuant to Civ. R. 23 of the Ohio Rules of Civil Procedure Ms. Ewusie brings this

action on behalf of herself and three classes of other persons similarly situated, to remedy the on-

going unlawful, unfair and/or deceptive and willful business practices alleged herein, and to seek

redress on behalf of all those persons who have been harmed thereby.

42.     The "**Notice of Reinstatement**" class is composed of all Ohio residents who:

   a. purchased a motor vehicle primarily for personal, family and/or household use in the six years prior to filing of this Amended Complaint until the date this class is certified;

   b. as part of that purchase transaction entered into a Retail Installment Sales Contract with an Ohio dealership which was assigned to Prestige;

   c. where Prestige repossessed their vehicles and sent the vehicle owner a Notice of Reinstatement; and,

   d. the Notice of Reinstatement included an amount for "Other (Specify):" in the total amount demanded to reinstate the loan.

43.     The **"Notice of Sale"** class is composed of all Ohio residents who:

    a.  purchased a motor vehicle primarily for personal, family and/or household use in the six years prior to filing of this Amended Complaint until the date this class is certified;

    b.  as part of that purchase transaction entered into a Retail Installment Sales Contract with an Ohio dealership which was assigned to Prestige;

    c.  where Prestige repossessed their vehicles and sent, subsequent to the repossession, a Notice of Sale, and;

    d.  the Notice failed to state the **day of the week** of the sale, and/or;

    e.  stated that: "Minimum Bid **is an estimate** based of Manheim values; this amount is **subject to change** depending upon the actual condition of the vehicle at the time of sale."

44.     The **"Notice of Deficiency"** class is composed of all Ohio residents who:

    a.  purchased a motor vehicle primarily for personal, family and/or household use in the six years prior to filing of this Amended Complaint until the date this class is certified;

    b.  as part of that purchase transaction entered into a Retail Installment Sales Contract with an Ohio dealership which was assigned to Prestige;

    c.  where Prestige repossessed their vehicles and sent, subsequent to the repossession, a Notice of Deficiency, and;

    d.  the Notice stated the amount of the "Net Proceeds" while labeling this amount the "Gross Proceeds and failed to include the costs of disposition of the vehicle.

45.     On information and belief, the proposed class size is in the hundreds, if not thousands, and is so numerous that joinder of all members would be impracticable. The exact size of the proposed class and the identity of the members thereof, are readily ascertainable from Prestige's business records.

46.     There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members. These questions include, inter alia:

  a. Whether the "Notice of Reinstatement" included charges not permitted by R.C. 1317.12;

  b. Whether the "Notice of Sale" sent by Prestige stated the day of the week the sale was to take place;

  c. Whether the "Notice of Sale" sent by Prestige stated: "Minimum Bid **is an estimate** based of Manheim values; this amount is **subject to change** depending upon the actual condition of the vehicle at the time of sale," or a substantially similar phrase;

  d. Whether the Notice of Deficiency failed to correctly account for the proceeds of the public auction and the costs associated with disposing of the vehicle, as mandated by R.C. 1309.616.

47. Proof of a common set of facts will establish the liability of Prestige, and the right

of each member of the three classes to recover.

48. Ms. Ewusie's claims are typical of the three classes she seeks to represent, and she

will fairly and adequately represent the interests of the classes.

49. Ms. Ewusie is represented by counsel competent and experienced in both consumer

protection and class action litigation.

50. A class action is superior to other methods for the fair and efficient adjudication of

this controversy. Because the damages suffered by the individual class members may be relatively

small compared to the expense and burden of litigation, it would be impracticable and

economically infeasible for class members to seek redress individually. The prosecution of

separate actions by the individual class members, even if possible, would create a risk of

inconsistent or varying adjudications with respect to individual class members against Prestige and

would establish incompatible standards of conduct for Prestige.

## FIRST CLAIM FOR RELIEF
Violation of RISA, R.C. § 1317.12
(Inclusion of "Other" Charges in Reinstatement Amount)

51. Ms. Ewusie realleges and incorporates by reference the allegations contained in

each of the preceding paragraphs as though expressly restated herein.

52.     R.C. § 1317.12, in pertinent part provides that:

. . . the secured party shall. . . send to the debtor a notice setting forth specifically the circumstances constituting the default and the amount by itemization that the debtor is required to pay to cure the default . . . by delivering to the secured party the following:

                                        *   *   *

(C) The actual and reasonable expenses incurred by the secured party in retaking possession of the collateral. . .

53.     R.C. § 1317.12(C) **only allows** the Reinstatement amount to include:

(A) All installments due or past due at the time of such delivery;

(B) Any unpaid delinquency or deferred charges;

(C) The actual and reasonable expenses incurred by the secured party in retaking possession of the collateral . . .

(D) A deposit by cash or bond in the amount of two installments. . . [Emphasis Added]

54.     The statute clearly delineates what categories of charges may be demanded in the amount required for reinstatement of the debtor's loan.

55.     The "Notice of Reinstatement" sent to Ms. Ewusie improperly included $180 as "Other(specify)" charges, which falls into none of these specified categories, in violation of R.C. 1317.12. *See* Ex. 2, Notice of Reinstatement.

56.     A holder's failure to comply with the mandatory requirements of the above precludes it from lawfully collecting any deficiency from the borrower following disposition of the repossessed vehicle.

## SECOND CLAIM FOR RELIEF
Violation of RISA, R.C. § 1317.16
(Failure to Set Definite Minimum Bid Price)

57.     Ms. Ewusie realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

58. R.C. 1317.16(B) states that a "Notice of Sale" should contain "the minimum price for which such collateral will be sold," and makes no mention of **"estimates" or being "subject to change."**

59. However, the two Notices of Sale sent to Ms. Ewusie contain prices with the following note/disclaimer: "Minimum Bid **is an estimate** based on Manheim values; this amount is **subject to change** depending upon the actual condition of the vehicle at the time of sale." *See* Ex. 3, 1st Notice of Sale. *See* Ex. 4, 2nd Notice of Sale. [Emphasis Added]

60. This conditional and ambiguous statement of the minimum bid violates R.C. 1317.16(B)

61. A holder's failure to comply with the mandatory requirements of the above precludes it from lawfully collecting any deficiency from the borrower following disposition of the repossessed vehicle.

## THIRD CLAIM FOR RELIEF
Violation of the O.U.C.C., R.C. §§ 1309.610/1309.614
(Failure to State Day of the Week)

62. Ms. Ewusie realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

63. R.C. § 1309.614(B) states that:

> The following form of notification of disposition, when completed, provides sufficient information:
>
> * * *
>
> **(For a public disposition)**
> We will sell (describe collateral) at public sale. A sale could include a lease or license. The sale will be held as follows:
>
> **Day** and date: ......................................................................
>
> Time: ......................................................................

Place: ..................................................................................

You may attend the sale and bring bidders if you want.

[Emphasis Added]

64.     The "Notice of Sale" sent to Ms. Ewusie failed to state the day of the week on which

a public sale was to occur.

65.     Consequently, Prestige's Notice of Sale violated the requirements of R.C.

1309.614(B).

66.     A secured party's failure to comply with the mandatory notice requirements of R.C.

§§ 1309.613 & 1309.614, renders it liable to the borrower who financed consumer goods for

statutory damages in the amount of the entire finance charge plus ten (10%) percent of the principal

amount borrowed, pursuant to R.C. § 1309.625(C)(2).

### FOURTH CLAIM FOR RELIEF
Violation of the O.U.C.C., R.C. §1309.616
(Failure to Properly Account for Proceeds)

67.     Ms. Ewusie realleges and incorporates by reference the allegations contained in

each of the preceding paragraphs as though expressly restated herein.

68.     Pursuant to R.C. § 1309.616(C), for an "Explanation of Calculation of Deficiency"

to comply with the statute the "writing must provide all of the following information in the

following order:

(7) The aggregate amount of obligations secured by the security interest under
which the disposition was made, and, if the amount reflects a rebate of unearned
interest or credit service charge: . . .

(8) **The amount of proceeds of the disposition;**

(9) The aggregate amount of the obligations after deducting the amount of
proceeds;

(10)  The amount, in the aggregate or by type, and types of expenses including expenses of retaking, holding, **preparing for disposition, processing, and disposing of the collateral**. . .

(11)  The amount, in the aggregate or by type, and types of credits . . .

(12)  The amount of the surplus or deficiency."
[Emphasis Added]

69.  Subsequent to the sale of her vehicle, Prestige sent Ms. Ewusie a "Notice of Deficiency" which failed to properly itemize the components in the calculation of Deficiency or Surplus as mandated by R.C. 1309.616.

70.  In specific, Prestige stated the "Gross Proceeds" of the Sale (in item #4) were $2,082.00; this figure was, in fact, the "Net Proceeds." See Ex. 5, Notice of Deficiency.

71.  The actual "Gross Proceeds" of the sale were $2,500.00 according the check and stub sent to Prestige by America's Auto Auction Toledo. See Ex. 6, Check and Stub.

72.  In addition to putting the "Net Proceeds" of the sale on the Notice of Deficiency rather than the "Gross Proceeds," Prestige also failed to disclose the cost of disposing of the vehicle via auction, which should have been included in item #6 on the Notice of Deficiency, "Costs of retaking, preparing, and selling the Vehicle." *See* Ex. 5, Notice of Deficiency.

73.  According to America's Auto Auction Toledo, these costs of disposition deducted from the "Gross Proceeds" of $2,500.00 were: $5.00 for Repo Ad, $75.00 for Full Detail, $40.00 for Repo Title; $100.00 for Sale Fee; 5.00 for Repo Ad (ostensibly for advertising the vehicle for the second time); $60.00 for keys, and $133.00 for transportation to the auction. *See* Ex. 6, Check and Stub.

74.  Thus, Prestige violated R.C. 1309.616 and is liable for damages pursuant to R.C. 1309.625(E)(5), for statutory damages in the amount of $500 per borrower.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Ewusie prays for judgment against Prestige and more specifically for:

A. An order certifying this case as a class action, and certifying the proposed three classes as defined herein;

B. An order appointing Frederick & Berler, LLC and Laura A. DePledge as class counsel;

C. a judgment for the actual damages suffered by Ms. Ewusie and each class;

D. an order finding and declaring that Prestige's acts and practices as challenged herein are unlawful;

E. an order preliminarily and permanently enjoining Prestige from engaging in the practices challenged herein;

F. an order directing Prestige to repurchase any claimed deficiency debts from class members;

G. statutory damages, pursuant to R.C. § 1309.625(C)(2), in an amount to be determined at trial, which amount is at least equal to the total amount of finance charges and ten (10%) percent of the principal amount borrowed;

H. statutory damages, pursuant to R.C. § 1309.625(E)(5) in the amount of $500 for each class member;

I. an order requiring Prestige and any of its agents to remove any adverse credit information that they previously reported to credit reporting organizations regarding debtors' account;

J. pre-judgment interest and post-judgment interest to the extent permitted by law;

K. an order granting such other and further relief as this Honorable Court deems just, equitable and appropriate.

Respectfully submitted,

*/s/ Ronald I. Frederick*
Ronald I. Frederick (0063609)
Michael L. Berler (0085728)
Michael L. Fine (0077131)
Frederick & Berler, LLC
767 E 185th Street
Cleveland, OH 44119
ronf@clevelandconsumerlaw.com
mike@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com
Phone: (216) 502-1055
Fax: (216) 609-0750

*/s/ Laura A. DePledge*
Laura A. DePledge (#0067632)
DePledge Law Office, Inc.
7408 Center Street
Mentor, OH 44060
Email: depledgelawinc@aol.com
Phone: (440) 255-7755 Fax: (440) 255-7756

*Attorneys for Ms. Ewusie*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically on this 26th day of February

2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing

system. Parties may access this filing through the Court's system.

*/s/ Ronald I. Frederick*
Ronald I. Frederick. (0063609)
Frederick & Berler LLC
*One of the Attorneys for Ms. Ewusie*

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __20__ ____% of each installment, whichever is greater.

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 6A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

## ITEMIZATION OF AMOUNT FINANCED

1 Cash price of vehicle, accessories, and taxes — $15461.72 (1)

2 Other charges including amounts paid to others on your behalf (Seller may keep part of these amounts.):

  A Government taxes not included in line 1 above — $ N/A

  B Government license and/or registration fees
    REG FEES — $ 18.50

  C Government certificate of title fees — $ 15.00

  D Net trade-in payoff to N/A — $ N/A

  E Optional Gap Contract AHIS — $ 334.00

  F Documentary Fee — $ 250.00

  G Other charges (Seller must identify who is paid and describe purpose.)

| to | for | |
|---|---|---|
| ALLSTATE | SERVICE CONTRACT | $ 2000.00 |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |

Total other charges and amounts paid to others on your behalf — $ 2617.50 (2)

3 Total cash price (1 + 2) — $18079.22 (3)

4 Downpayment
  Gross trade-in $ N/A -payoff by seller — $ N/A
  = net trade-in $ N/A +cash — $ N/A
  +other (describe) N/A — $ N/A
  Total downpayment = (if negative enter "0" and see line 2D above) — $ N/A (4)

5 Unpaid balance of cash price (3 minus 4) — $18079.22 (5)

6 Insurance
  A Cost of optional credit insurance paid to the insurance company or companies
    Life — $ N/A
    Disability — $ N/A — $ N/A
  B Other optional insurance paid to Insurance Company or Companies — $ N/A
  Total insurance charges — $ N/A (6)

7 Amount financed (principal balance) (5 + 6) — $18079.22 (7)

8 Finance charge — $15429.58 (8)

9 Total of payments (time balance) (7 + 8) — $33508.80 (9)

Amount of Security Interest Recording Fee Paid in Cash $ N/A

### Other Optional Insurance

☐ N/A _____ N/A
   Type of Insurance    Term

Premium $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

☐ N/A _____ N/A
   Type of Insurance    Term

Premium $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X N/A _____ N/A
Buyer Signature    Date

X N/A _____ N/A
Co-Buyer Signature    Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Returned Check Charge: You agree to pay a charge not to exceed $20 if any check you give us is dishonored.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 2E of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __72__ Mos.    AHIS
                                                 Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year N/A . SELLER'S INITIALS N/A

### Limited Right to Cancel

XX ☐ **If checked, a limited right to cancel applies.**

You agree that we have __30__ days from the date you sign this contract to assign this contract. If we are unable to assign this contract within this time period, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period. **Please see the back of this contract for important terms of this limited right to cancel.**

N/A

Electronically Filed 02/26/2021 15:20 / COMPLAINT / CV 20 937353 / Confirmation Nbr. 2191332 / CLAJB

the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may exercise our rights under this contract, or if we choose, buy physical damage insurance covering our interest in the vehicle. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**e. We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**f. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. WARRANTIES SELLER DISCLAIMS

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

## 5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

## 6. Servicing and Collection Contacts.

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

## 7. Applicable Law

Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

---

### Limited Right to Cancel

a. We agree to deliver the vehicle to you on the date this contract is signed by us and you. You understand that it may take a few days for us to verify your credit and assign this contract. You agree that we have the number of days stated on the front of this contract to assign this contract. If we are unable to assign this contract within this period of time to any one of the financial institutions with whom we regularly do business, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period.

Electronically Filed 02/26/2021 13:29 PC COMPLAIN PFC V 20 937 5057 Confirmation Nbr. 2191332 / CLAJP

b. We will notify you if we cannot assign this contract and if we elect to cancel this contract. Upon receipt of such notice, you must comply with "Buyer's Obligations" described below and we must give back to you all consideration we have received in accordance with the terms of the Buyers Order.

**Prestige**

**Notice of Right to Reinstate**

May 29, 2018

Sent Via Certified Mail

YVETTE EWUSIE
5739 E 139TH ST
CLEVELAND, OH 44125-4021

Re:     Account Number:
        Retail Installment Sale or Credit Sale Contract dated October 3, 2015 ("Agreement")
        2014 Hyundai Elantra, VIN: 5NPDH4AE4EH459232 ("Vehicle")

Dear YVETTE EWUSIE:

As a result of your default under the terms of the Agreement that you signed in connection with the financing of the purchase of the Vehicle, we have obtained possession of the Vehicle, either by repossession or voluntary surrender. You are in default because you failed to make payments when they were due.

You have a right to reinstate the Agreement until the Last Date for Payment: June 23, 2018. If you pay the Total Reinstatement Amount shown below, less any Repossession Costs added to the balance of your account*, on or before the Last Date for Payment shown above, you may continue with the Agreement as though there had been no default. If you do not pay the Total Reinstatement Amount, less any Repossession Costs added to the balance of your account*, by the Last Date for Payment, we may exercise our rights against you as provided under applicable law. Any payment you make should be mailed to us at the address shown below.

| | | |
|---|---|---|
| Number of Past Due Payments: 6 | Totaling: | $2,700.12 |
| Accrued but Unpaid Late Fees: | | $549.00 |
| Repossession Costs* as of the date of this Notice: | | $0.00 |
| Cash or Bond Equal to 2 Installments (Performance Deposit): | | $930.80 |
| Other (Specify): | | $180.00 |
| **Total Reinstatement Amount:** | | **$4,359.92** |

*You are required to pay all actual and reasonable costs we incur in retaking the Vehicle. The dollar amount above is an estimate because any storage costs will continue to accrue on a daily basis until you reinstate your Agreement and get your Vehicle back. You have the right to have any portion of those costs that exceed $25 added to the balance on your account. If you reinstate the Agreement by the Last Date for Payment but later default on your payments again, we may exercise our rights under the law without sending you another notice like this one. If you have any questions regarding this notice, please call us at (888) 822-7422 or write to us at the address shown below.

Sincerely,

Prestige Financial⁺
PO Box 26707
Salt Lake City, UT 84126

Exhibit 2

Electronically Filed 02/26/2021 15:29 / COMPLAINT / CV 20 937353 / Confirmation Nbr. 2191332 / CLAJB

1420 South 500 West, Salt Lake City, UT 84115   [ T ] 801.844.2100   [ F ] 801.844.2600



Ewusie v Prestige
LMHNA OETO-G4-CMP           CONFIDENTIAL

000004



**NOTICE OF OUR PLAN TO SELL PROPERTY**

2257533

Notice of Sale Letter

June 6, 2018

YVETTE EWUSIE
5739 E 139TH STREET
CLEVELAND OH 44125

**Sent Via Certified Mail**

Re:     Account No.
        Retail Installment Sale or Credit Sale Contract dated October 3 2015
        2014 Hyundai Elantra VIN: 5NPDH4AE4EH459232

Dear YVETTE EWUSIE:

We have your Vehicle because you broke promises in our Agreement. We will sell the Vehicle at a public sale. A sale could be a lease or license. The sale will be held as follows:

> Date:   June 29 2018
> Time:   9:00 A.M.
> Place:  America's Auto Auction Toledo, 9797 Fremont Pike, Perrysburg, OH 43551

The Minimum bid price will be $2,000*Minimum Bid is an estimate based of Manheim values; this amount is subject to change depending on the actual condition of the vehicle at the time of sale. You may attend the sale and bring bidders.

The money received from the sale of the Vehicle will reduce the amount you owe (after paying our costs). If we receive less money than you owe, you will still be responsible for the difference. If the sale price of the Vehicle exceeds what you owe, you will be refunded the difference, unless we must pay it to someone else.

You can recover the Vehicle at any time before it is sold by paying the full amount you owe (not just the past due installments), including our expenses. To learn the exact amount you must pay to recover the Vehicle, call us at (888) 822-7422.

If you want us to explain to you in writing how we have figured the amount that you owe or need more information about the sale of the Vehicle, you may call us at (888) 822-7422 or write to us at the address shown below and request a written explanation.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:

Sincerely,

Prestige Financial Services
P.O. Box 26707
Salt Lake City, UT  84126

*NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §362; 524) regarding the subject matter of this letter, the following applies to you:  **THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

---

**Credit Reporting Disclosure**

We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

---

Operating as Prestige Auto Finance Corp. in CT, DE, FL, MA and NH
1420 South 500 West, 84115    P.O. Box 26707, 84126    Salt Lake City, UT
Tel (801) 844-2100    Fax (801) 844-2600    GoPFS.com
100402-COL078.-04-CERT-OFFNotice of Plan to Sell Property

Ewusie v Prestige

Prestige
000006



**NOTICE OF OUR PLAN TO SELL PROPERTY**

August 3, 2018

YVETTE EWUSIE
5739 139TH STREET
CLEVELAND OH 44125


Notice of Sale Letter

**Sent Via Certified Mail**

Re:  Account No. █████

Retail Installment Sale or Credit Sale Contract dated October 3 2015

2014 Hyundai Elantra VIN: SNPDH4AE4EH459232

Dear YVETTE EWUSIE:

We have your Vehicle because you broke promises in our Agreement. We will sell the Vehicle at a public sale. A sale could be a lease or license. The sale will be held as follows:

Date:  August 24 2018
Time:  9:00 A.M.
Place:  America's Auto Auction Toledo, 9797 Fremont Pike, Perrysburg, OH 43551

The Minimum bid price will be $2,500*Minimum Bid is an estimate based of Manheim values; this amount is subject to change depending on the actual condition of the vehicle at the time of sale. You may attend the sale and bring bidders.

The money received from the sale of the Vehicle will reduce the amount you owe (after paying our costs). If we receive less money than you owe, you will still be responsible for the difference. If the sale price of the Vehicle exceeds what you owe, you will be refunded the difference, unless we must pay it to someone else.

You can recover the Vehicle at any time before it is sold by paying the full amount you owe (not just the past due installments), including our expenses. To learn the exact amount you must pay to recover the Vehicle, call us at (888) 822-7422.

If you want us to explain to you in writing how we have figured the amount that you owe or need more information about the sale of the Vehicle, you may call us at (888) 822-7422 or write to us at the address shown below and request a written explanation.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:

Sincerely,

Prestige Financial Services
P.O. Box 26707
Salt Lake City, UT 84126

*NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

---

**Credit Reporting Disclosure**

We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

---

Electronically Filed 02/26/2021 15:29 / COMPLAINT / CV 20 937353 / Confirmation Nbr. 2191332 / CLAJB  **Exhibit 4**

Operating as Prestige Auto Finance Corp. in CT, DE, FL, MA and NH
1420 South 500 West, 84115  P.O. Box 26707, 84126  Salt Lake City, UT
Ewusie v Prestige          Tel (801) 844-2100 CONFIDENTIAL 2600  GoPFS.com          Prestige
100402-COL076;-04-CERT-OH-Notice of Plan to Sell Property          000008



**EXPLANATION OF CALCULATION OF DEFICIENCY**

October 1, 2018



Via Certified Mail
Return Receipt Requested

YVETTE EWUSIE
5739 E 139TH STREET
CLEVELAND OH 44125

Re:     Account Number:

Retail Installment Sale or Credit Sale Contract dated OCTOBER 3, 2015 ("Agreement")
2014 HYUNDAI ELANTRA, VIN: 5NPDH4AE4EH459232 ("Vehicle")

Dear Yvette Ewusie:

Please be advised that we disposed of the Vehicle on August 24, 2018. The proceeds of the sale have been applied as explained below. If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| | | | | | |
|---|---|---|---|---|---|
| 1 | Aggregate unpaid balance of Agreement as of October 1, 2018 | | $20,250.05 | | |
| 2. | Accrued and unpaid late fees | + | $729.00 | | |
| 3. | Net balance due (1 plus 2) | | | = | $20,979.05 |
| 4. | Gross proceeds from the sale of the Vehicle | | | - | $2,082.00 |
| 5. | Subtotal after deducting proceeds of sale (3 minus 4) | | | = | $18,897.05 |
| 6. | Costs of retaking, preparing, and selling the Vehicle | | $350.00 | | |
| 7. | Costs of storing the Vehicle | + | $0.00 | | |
| 8. | Attorneys' fees and court costs | + | $0.00 | | |
| 9. | Other costs (describe) | + | $0.00 | | |
| 10. | Total Costs (6 through 9) | | | = | $350.00 |
| 11. | Credit: Rebate of unearned insurance premiums | | $0.00 | | |
| 12. | Credit: Payments_____ | + | $135.56 | | |
| 13. | Credit: Other _____ | + | $0.00 | | |
| 14. | Total Credits (11 through 13) | = | $135.56 | | |
| 15. | Balance due/surplus after sale (5 plus or minus 10, plus or minus 14) | | | = | $19,111.49 |

The deficiency balance for which you are liable and for which demand* is hereby made is $19,111.49. **

If you need more information about the transaction call us at (888)822-7422, or write us at the below listed address.

Sincerely,

Prestige Financial*
P.O. Box 26707
Salt Lake City, UT 84126

** Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.

CREDIT REPORTING DISCLOSURE: We may report information about your Account to credit bureaus. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR ACCOUNT MAY BE REFLECTED IN YOUR CREDIT REPORT.

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

*Operating as Prestige Auto Finance Corp. in CT, DE, FL, MA and NH.                                                                                        150813-COL060-04-CERT

Exhibit 5



MyPrestige.com
Prestige

000010

AMERICA'S AUTO AUCTION - TOLEDO     Check Date   8/24/2018   Seller#   P00672   CK#   **000207515**
Run No. 12 - 0015    Sale Date   8/24/2018   Vin   5NPDH4AE4EH459232   Year 2014

| | | |
|---|---|---|
| Acct No. | Make   **HYUNDA**   Model   **ELANTRA LIMITED** | |
| Acct Name | Title OH    7738     Miles 138049 | |
| Stock No. | Sale Amount    2,500.00 | Seller |
| Buyer | Vehicle Chgs     418.00 | P00672 |
| MARYAN ENTERPRISES INC | Customer Chgs | PRESTIGE FINANCIAL |
| 26266 MICHIGAN AVE | | 351 WEST OPPORTUNITY WAY |
| INKSTER, MI   48141 | Net Amount    2,082.00 | DRAPER, UT   84020 |

| | | | | | |
|---|---|---|---|---|---|
| REPO ADVERTISE FEE | 8/24 120015 5NPDH4AE4EH459232 | 5.00 | REPO ADVERTISE FE | 8/24 120015 5NPDH4AE4EH459232 | 5.00 |
| DETAIL FULL | 8/24 120015 5NPDH4AE4EH459232 | 75.00 | KEYS | 8/24 120015 5NPDH4AE4EH459232 | 60.00 |
| REPO TITLE | 8/24 120015 5NPDH4AE4EH459232 | 40.00 | TRANSPORTATION SUB | 8/24 120015 5NPDH4AE4EH459232 | 133.00 |
| SALE FEE | 8/24 120015 5NPDH4AE4EH459232 | 100.00 | | | |



AMERICA'S AUTO AUCTION - TOLEDO     Check Date   8/24/2018   Seller#   P00672   CK#   **000207515**
Run No. 12 - 0015    Sale Date   8/24/2018   Vin   5NPDH4AE4EH459232   Year 2014

| | | |
|---|---|---|
| Acct No. | Make   **HYUNDA**   Model   **ELANTRA LIMITED** | |
| Acct Name | Title OH 8701367738     Miles 138049 | |
| Stock No. | | Seller |
| Buyer | Sale Amount    2,500.00 | |
| MARYAN ENTERPRISES INC | Vehicle Chgs     418.00 | PRESTIGE FINANCIAL |
| 26266 MICHIGAN AVE | Customer Chgs | 351 WEST OPPORTUNITY WAY |
| INKSTER, MI   48141 | Net Amount    2,082.00 | DRAPER, UT   84020 |

| | | | | | |
|---|---|---|---|---|---|
| REPO ADVERTISE FEE | 8/24 120015 5NPDH4AE4EH459232 | 5.00 | REPO ADVERTISE FE | 8/24 120015 5NPDH4AE4EH459232 | 5.00 |
| DETAIL FULL | 8/24 120015 5NPDH4AE4EH459232 | 75.00 | KEYS | 8/24 120015 5NPDH4AE4EH459232 | 60.00 |
| REPO TITLE | 8/24 120015 5NPDH4AE4EH459232 | 40.00 | TRANSPORTATION SUB | 8/24 120015 5NPDH4AE4EH459232 | 133.00 |
| SALE FEE | 8/24 120015 5NPDH4AE4EH459232 | 100.00 | | | |

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES MICROPRINTED ENDORSEMENT LINES AND ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

**AMERICA'S AUTO AUCTION**
**TOLEDO**
9797 FREMONT PIKE
PERRYSBURG, OH 43551
419-872-0872

WELLS FARGO BANK, N.A.
11-24/1210

**CHECK #**   **000207515**

**AMOUNT**

| DATE | LOT NO. | VIN NUMBER |
|---|---|---|
| 8/24/2018 | 12 - 0015 | 5NPDH4AE4EH459232 |

$2,082.00

PAY EXACTLY

TWO THOUSAND    EIGHTY TWO   ******************************   Dollars



FOR DEPOSIT ONLY BY PAYEE
VOID AFTER 60 DAYS

AMERICA'S AUTO AUCTION - TOLEDO

PAY TO THE ORDER OF   PRESTIGE FINANCIAL
351 WEST OPPORTUNITY WAY
DRAPER, UT 84020

EWUSIE



Electronically Filed 02/26/2021 15:29 / COMPLAINT / CV 20 937353 / Confirmation Nbr. 2191332 / CLAJB

Exhibit 6

Ewusie v Pre

Prestige
000033